UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HARI SINGH SRAN, | ) | 1:08-CV-00357 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #9] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| D. ADAMS, Warden, | ) | CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated June 17, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, Hon. Brant Bramer presiding, following his conviction by plea of no contest on March 17, 2005, of driving under the influence

causing injury. (LD 1.[1]) On April 29, 2005, Petitioner was sentenced to serve a total determinate term of 5 years in state prison. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On January 20, 2006, the Fifth DCA affirmed the judgment. (LD 2.) Petitioner filed a petition for rehearing which was denied on February 17, 2006. (LD 3,4.) He did not seek review in the California Supreme Court.

Petitioner then filed three post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

    1.    <u>Fresno County Superior Court</u>
           Filed: January 5, 2006[2];
           Denied: January 14, 2006;

    2.    <u>California Court of Appeal, Fifth Appellate District</u>
           Filed: April 20, 2006[3];
           Denied: May 4, 2006;

    3.    <u>California Supreme Court</u>
           Filed: May 18, 2006[4];
           Denied: June 14, 2006;

(LD 5-10.)

On February 4, 2008,[5] Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On May 30, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file an opposition to Respondent's motion to dismiss.

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] Although the petition was filed in the Fresno County Superior Court on January 10, 2006, the petition was dated January 5, 2006. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on January 5, 2006, the date Petitioner presumably handed his petition to prison authorities for mailing.

[3] Pursuant to the mailbox rule, the Court deems the petition filed on April 20, 2006, the date Petitioner signed the petition and presumably handed the petition to prison authorities for mailing.

[4] Pursuant to the mailbox rule, the petition is deemed filed on May 18, 2006.

[5] Pursuant to the mailbox rule, the Court considers the petition filed on February 4, 2008.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 4, 2008, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the appeal was denied by the California Court of Appeal on January 20, 2006, and Petitioner did not file a petition for review in the California Supreme Court.  According to the Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the California Supreme Court within ten (10) days of finality.  Rule 24(a), 28(b), Cal.R.Ct. Thus, direct review concluded on March 1, 2006.  Petitioner had one year until March 1, 2007, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition until February 4, 2008, almost one year beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

1  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
2  1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
3  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
4  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
5  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by
6  the federal courts to have been untimely in state court will not satisfy the requirements for statutory
7  tolling. Id.

8     As stated above, the statute of limitations began to run on March 2, 2006. Petitioner filed his
9  first collateral challenge in the Fresno County Superior Court before this date. Respondent does not
10 contest that Petitioner is entitled to tolling for the time his three collateral challenges were pending in
11 the state courts. Therefore, the statute of limitations was tolled until June 14, 2006, the date his final
12 habeas petition was denied in the California Supreme Court. Accordingly, the statute commenced on
13 June 15, 2006, and expired on June 15, 2007.  The instant petition was not filed for over seven
14 months after. Thus, the federal petition remains untimely.

15 D.  Equitable Tolling

16    The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
17 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
18 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
19 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
20 *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
21 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
22 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
23 (9th Cir.1993). Here, the Court finds no reason to equitably toll the limitations period.

24 E.  Certificate of Appealability

25    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
26 district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
27 El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue
28 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

        (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's Motion to Dismiss the Petition is GRANTED;

2. The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE;

3. The Clerk of Court is DIRECTED to enter judgment for Respondent; and

4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **July 15, 2008**                          **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California        cd                                7